**IN THE SUPREME COURT OF PENNSYLVANIA**
**EASTERN DISTRICT**

**BAER, C.J., SAYLOR, TODD, DONOHUE, DOUGHERTY, WECHT, MUNDY, JJ.**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | No. 784 CAP |
| | : | |
| Appellee | : | Appeal from the Order entered on |
| | : | July 29, 2019 in the Court of |
| | : | Common Pleas, Franklin County, |
| v. | : | Criminal Division at No. CP-28-CR- |
| | : | 0000382-1997. |
| | : | |
| ALBERT E. REID, | : | SUBMITTED: December 11, 2020 |
| | : | |
| Appellant | : | |

**OPINION**

**CHIEF JUSTICE BAER**                    **DECIDED:  August 16, 2022**

A jury convicted Albert Reid ("Appellant") of two counts of first-degree murder for the killings of his estranged wife, Carla Reid, and her fourteen-year-old daughter, D.M. He received two death sentences, and this Court affirmed the judgment of sentence. *Commonwealth v. Reid*, 811 A.2d 530 (Pa. 2002) ("*Reid I*").  Appellant subsequently filed a petition pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546. The PCRA court denied the petition, and Appellant appealed to this Court, which affirmed in part the PCRA court's order but remanded the matter, while retaining jurisdiction, directing the PCRA court to provide a supplemental opinion addressing why it denied relief on the following issue:  "Was the defendant incompetent to proceed to trial and represent himself; were prior counsel ineffective for failing to investigate and effectively

litigate this issue before trial and failing to raise it on appeal?"[1] *Commonwealth v. Reid*, 259 A.3d 395, 444 (Pa. 2021) ("*Reid II*") (quoting Appellant's Initial Brief at 3).

The PCRA court complied with our directive, and we have received the parties' responses to the PCRA court's supplemental opinion. Thus, this remaining matter is ripe for review. As explained in detail *infra*, we respectfully find that the PCRA court erred in the manner in which it assessed Appellant's claim that he was incompetent to stand trial, as the court's reasoning, *inter alia*, failed to account for new, post-conviction evidence that potentially demonstrates that Appellant was incompetent to stand trial. Accordingly, we are constrained to vacate in part the PCRA court's order and remand for further proceedings consistent with this opinion.

A thorough recitation of the factual and procedural backgrounds underlying this matter is unnecessary. We, however, recount that Appellant's competency to stand trial was litigated prior to his murder trial. On April 9, 1998, a court-appointed psychiatrist, Dr. Abraham Martin Hostetter, conducted an in-court competency examination of Appellant. As part of this examination, Dr. Hostetter questioned several persons, including Appellant, regarding Appellant's mental health. Appellant's expert, psychiatrist Dr. Neil Blumberg, and the Commonwealth's expert, psychiatrist Dr. Robert Davis, participated in the examination. Notably, the trial court appointed special counsel, Michael Toms, Esquire, for the purpose of representing Appellant during the competency examination. Notwithstanding his appointment, Attorney Toms was not present during Appellant's examination.

---

[1] We took this action because Appellant raised this issue in the PCRA court, and while that court denied relief on the issue, the court did not address it in an opinion. We, however, affirmed the remainder of the PCRA court's order, which denied relief on Appellant's other various issues.

On May 13, 1998, the trial court held a hearing to determine whether Appellant was competent to stand trial. At the beginning of that hearing, Attorney Toms stated that he did not receive notice of the aforementioned in-court competency examination and that his absence from that examination violated Appellant's right to due process. The court nonetheless continued with the hearing, where Dr. Hostetter diagnosed Appellant with paranoid personality disorder but ultimately concluded that Appellant was competent to stand trial. Dr. Davis also diagnosed Appellant with a personality disorder and, consistent with Dr. Hostetter, determined that Appellant was competent to stand trial. Dr. Blumberg diagnosed Appellant with delusional disorder and stated his belief that Appellant was not competent to stand trial.

To assure that Appellant received the process he was due, the trial court ordered Appellant to undergo another in-court competency examination, followed by a competency hearing, both of which were held on July 14, 1998. Attorney Toms was present for these proceedings. The examination again was led by Dr. Hostetter, and Drs. Davis and Blumberg participated. During the course of the examination and the subsequent hearing, it was revealed that Appellant refused to undergo any additional physical testing, including a neurological examination and an MRI. At the competency hearing, Drs. Hostetter and Davis again stated that Appellant was competent to stand trial, but Dr. Blumberg continued to disagree. On August 27, 1998, the trial court entered an order finding Appellant competent to stand trial.

Around this same time, Appellant requested to represent himself. After conducting a colloquy, the trial court entered an order on September 4, 1998, allowing Appellant to proceed *pro se* but with standby counsel. Appellant represented himself at a September 15, 1998 evidentiary hearing concerning the admissibility of, *inter alia*, photographs that the Commonwealth wished to present at trial. We note, however, that soon after this

hearing, Appellant decided to allow his standby counsel to represent him moving forward. As noted *supra*, in due course, a jury eventually found Appellant guilty of murdering his estranged wife, Carla Reid, and her fourteen-year-old daughter, D.M. Appellant received two death sentences.

After this Court affirmed the judgment of sentence, Appellant filed a PCRA petition and several supplements, raising a multitude of issues. Among those issues and relevant to this opinion, Appellant "launched a multifaceted, complex, and somewhat confusing, challenge to his competency to stand trial and represent himself." *Reid II*, 259 A.3d at 424. Two of Appellant's claims were most prominent: (1) a substantive claim that Appellant was incompetent to stand trial ("substantive competency claim"); and (2) a claim that trial counsel were ineffective for failing to investigate and present a more robust pretrial claim that Appellant was incompetent to stand trial and to represent himself.

The focus of Appellant's substantive competency claim concerning his ability to stand trial centered on newly discovered historical aspects of Appellant's physical, social, and mental health. For example, Appellant averred that, during the course of investigating his PCRA claims, PCRA counsel discovered that Appellant suffered head injuries earlier in his life, which led to brain damage. Dr. Hostetter, the court-appointed psychiatrist that previously found Appellant competent to stand trial, was informed of this fact during the PCRA process.

Dr. Hostetter provided Appellant with a declaration, which Appellant attached to one of his PCRA filings. In that declaration, Dr. Hostetter stated that he previously was unaware of Appellant's history of head injuries and that, upon learning of this background, he believed that that the organic nature of Appellant's brain damage precluded him "from fully cooperating with his counsel and participating in preparations for his own trial[.]" Second Supplement to Appellant's PCRA Petition, 2/19/2010, Exhibit L at ¶9. Thus, Dr.

Hostetter dramatically altered his previous conclusion, stating in his PCRA declaration that Appellant, in fact, "was not competent to stand trial under the applicable legal standard." *Id.*

Appellant's related claim regarding trial counsel's stewardship generally alleged that counsel were ineffective for failing to discover and present the background evidence uncovered by PCRA counsel, such as Appellant's history of head injuries. In other words, Appellant contended that his trial counsel were ineffective for failing to present the substantive competency claim that his PCRA counsel raised in his PCRA petition.

Along with Appellant's other claims, the PCRA court rejected Appellant's substantive competency claim, as well as his related claims of ineffective assistance of counsel. The court, however, did not provide a rationale for doing so, and Appellant raised this failure in the brief that he filed in this Court in support of his appeal from the PCRA court's order. While we rejected Appellant's other PCRA claims, given the circumstances, we remanded the matter to the PCRA court, directing the court to provide a supplemental opinion addressing why it rejected the substantive competency claim and related claims.

The PCRA court subsequently submitted to this Court an opinion outlining its reasons for denying Appellant relief on this issue. Unfortunately, as we will explain below, the court's rationale for rejecting Appellant's substantive competency claim is inadequate, as it, *inter alia*, failed to account for the new, post-conviction evidence, such as Appellant's prior head injuries and Dr. Hostetter's revised opinion, that potentially demonstrates that Appellant was incompetent to stand trial. We now will summarize the court's supplemental opinion.[2]

---

[2] The PCRA court intermingled Appellant's substantive competency claim with his related claim of ineffective assistance of counsel.

Initially, the PCRA court reported that Appellant's competency was litigated vigorously before the trial judge, the Honorable John R. Walker. After detailing the history of that litigation, the PCRA court stated that Judge Walker only explained his reasons for finding Appellant competent to stand trial in his May 27, 1999, opinion addressing Appellant's post-sentence motions. In short, Judge Walker found Appellant competent to stand trial primarily based upon the competency hearing testimony of Drs. Hostetter and Davis. According to the PCRA court, Judge Walker allowed Appellant to represent himself after conducting a lengthy colloquy and concluding that Appellant knowingly and voluntarily waived his right to counsel.

After summarizing Judge Walker's opinion, the PCRA court embarked on an independent review of Appellant's claims and the certified record. In so doing, the court, *inter alia*, reiterated that Judge Walker found Appellant to be competent to stand trial in 1998 based upon the findings of the aforementioned experts, as well as his personal observations of Appellant. The PCRA court acknowledged that it obviously did not have the benefit of observing Appellant at the competency hearings; however, the court nonetheless agreed "upon review of the cold record that Judge Walker's findings were reasonable" because Appellant failed to meet his burden of proving that he was incompetent. PCRA Court Supplemental Opinion, 12/22/2021, at 8.

The PCRA court supplemented its conclusion by observing that Appellant "was considerably more cooperative at his second competency hearing on July 14, 1998." *Id.* The court suggested that Appellant's change in demeanor was due to the appointment of Attorney Toms. According to the PCRA court, the record reflects that Appellant cooperated with Attorney Toms, which supports "Judge Walker's initial finding that Appellant was capable of cooperating with his counsel when he chose to do so." *Id.* (emphasis omitted).

In a footnote, the PCRA court stated that, in his second supplement of his PCRA petition, Appellant referenced a declaration from Dr. Hostetter "claiming that he had not been provided with evidence of Appellant's past head injuries and that, if he had access to that information, he would have found Appellant incompetent." *Id.* at 6-7 n.18. Germane to our present inquiry, the PCRA court did not assess that information as part of Appellant's substantive competency claim; rather, the court highlighted that there is nothing in the record to suggest that trial counsel had any information regarding Appellant's alleged head injuries. The court observed that, through the litigation of Appellant's competency, he refused to share his medical history, even with his own expert. Thus, the PCRA court concluded, "Appellant's attorneys cannot be ineffective for failing to supply Dr. Hostetter with information they were not supplied by their client." *Id.*

Turning to whether counsel were ineffective for failing to litigate whether Appellant was competent to represent himself at the aforementioned evidentiary hearing, the PCRA court stated that Judge Walker already had found Appellant competent to stand trial when Appellant sought to represent himself. The PCRA court further noted that the record of Appellant's colloquy concerning his self-representation does not suggest that Appellant was incapable of proceeding *pro se*. Indeed, the court concluded that Appellant "competently represented himself at [the] September 15, 1998, evidentiary hearing, at which time he successfully examined and cross-examined witnesses." *Id.* at 10. For these reasons, the PCRA court asked this Court to affirm, in full, its order denying Appellant's PCRA petition.

In his supplemental brief, Appellant argues, *inter alia*, that the PCRA court erred by denying him relief, or at least an evidentiary hearing, on his substantive competency claim. In support of his position, Appellant asserts that the PCRA court found that he was competent to stand trial based solely on the information presented in his 1998 pretrial

competency hearing. In other words, the PCRA court's present day assessment of Appellant's competency to stand trial in 1998 failed to account for the new, post-conviction evidence that demonstrates that he was not competent to stand trial. *See, e.g.,* Appellant's Supplemental Brief at 42 ("The PCRA court also erred by focusing on the 1998 pre-trial competency findings. The trial court's 1998 competency determination cannot be dispositive of Appellant's *current* competency claim because the new evidence in support of his *current* competency claim was not considered by the trial court.") (emphasis in original).[3] We, in part, agree with Appellant's assessment of the PCRA court's analysis.

In so doing, it is important to explain that, pursuant to the PCRA, a petitioner is ineligible for relief if an allegation of error has been waived. 42 Pa.C.S. § 9543(a)(3). An issue is waived under the PCRA "if the petitioner could have raised it but failed to do so before trial, at trial, during unitary review, on appeal or in a prior state postconviction proceeding." 42 Pa.C.S. § 9544(b). Appellant obviously did raise a competency claim pretrial, and he could have raised such a claim on direct appeal from his judgment of sentence, but he did not. Thus, on the surface, Appellant's substantive claim appears to be waived. However, our case law holds otherwise.

This Court has determined that substantive claims regarding PCRA petitioners' competency to stand trial cannot be "waived," as that term is defined in the PCRA. *See Commonwealth v. Brown*, 872 A.2d 1139, 1153 (Pa. 2005) (plurality) (holding "that the failure to raise on direct appeal a claim that the appellant was incompetent at the time of trial does not constitute a waiver of that claim for purposes of the PCRA"); *see Commonwealth v. Blakeney*, 108 A.3d 739, 751 (Pa. 2014) (explaining that, while *Brown*

---

[3] The Commonwealth filed a letter in this Court stating that it agreed with the PCRA court's supplemental opinion and that it would not be filing a rebuttal to Appellant's supplemental brief.

was a plurality opinion, it nonetheless garnered a majority view for the proposition that the failure to raise on direct appeal a claim that the appellant was incompetent at the time of trial does not constitute a waiver of that claim for purposes of the PCRA). Thus, Appellant's new substantive competency claim was a permissible, stand-alone claim for purposes of his PCRA, and the PCRA court should have, but did not, evaluate it as such a claim.[4] Most obviously, as Appellant highlights, the PCRA court's assessment failed to account for the post-conviction, newly discovered evidence that Appellant proffered to establish that he was incompetent to stand trial.

In terms of how the PCRA court should have evaluated Appellant's current substantive competency claim, we find guidance from this Court's plurality opinion in *Commonwealth v. Santiago*, 855 A.2d 682 (Pa. 2004) (Opinion Announcing the Judgment of the Court ("OAJC")).[5] Initially, the OAJC explained that "whenever a court can conduct

---

[4] We further observe that Appellant did not previously litigate his substantive competency claim. For purposes of the PCRA, an issue has been previously litigated if, *inter alia*, "the highest appellate court in which the petitioner could have had review as of right has ruled on the merits of the issue[.]" 42 Pa.C.S. § 9544(a)(2). Here, although Appellant litigated his competency to stand trial in the trial court, this Court has yet to rule on the merits of that issue. Thus, the issue has not been "previously litigated," as that phrase is defined in the PCRA.

[5] The OAJC was authored by then-Chief Justice Cappy and joined by Justice Newman and this author. It held, *inter alia*, that the appellant did not waive a claim that he raised for the first time in his PCRA petition that he was incompetent to stand trial; in addition, the OAJC addressed the manner in which a court should assess such a claim in the context of the PCRA. *Santiago*, 855 A.2d at 691-94 (OAJC).

Justice Castille joined the OAJC save for its decision regarding the appellant's competency claim. He would have concluded that the appellant waived the claim pursuant to the plain language of the waiver provision of the PCRA. *Id.* at 704-11 (Castille, J., concurring). Justice Eakin joined Justice Castille's concurring opinion.

Justice Saylor concurred in the result and shared several observations, including the fact that he was "able to join the [OAJC's] affirmation of the PCRA court's retrospective competency assessment because [the appellant] has not demonstrated that the trial court improperly failed to make a determination of his competency in the course of the

a meaningful hearing to evaluate retrospectively the competency of the defendant, such a hearing is permissible." *Santiago*, 855 A.2d at 693. In examining this possibility, a PCRA court first "must determine whether the defendant's PCRA petition raises a material issue of fact concerning whether he was competent at the time of trial such that he would be entitled to a hearing on the claim." *Id.*

"Next, the PCRA court must decide whether there exists sufficient evidence of [the] defendant's mental status at the time of trial such that a hearing would be adequate to address the issue of competency, or whether the evidence is so lacking that a new trial must be awarded." *Id.* The OAJC stated that, in determining whether a meaningful retrospective competency hearing can take place, the PCRA court should consider, *inter alia*, "the passage of time since the trial, statements made by the defendant at trial, the availability of contemporaneous medical and psychiatric evidence, and the availability of witnesses - both expert and nonexpert - who could offer testimony regarding the defendant's mental status at the time of trial." *Id.* The OAJC emphasized that this list of factors is not exhaustive and expressly stated that if the PCRA court "finds some other type of evidence helpful in resolving whether a retrospective hearing may be held, the [] court may receive such evidence." *Id.*

Because the PCRA court erred by failing to examine properly Appellant's stand-alone substantive competency claim and given the newly proffered evidence in support thereof, we vacate the portion of the court's order that denied relief on the claim. We remand the matter to the PCRA court to consider the claim in light of the framework announced by the OAJC in *Santiago*. While we acknowledge that this opinion does not address Appellant's related claims of ineffective assistance of counsel, we need not

---

proceedings on his second trial." *Id.* at 712 (Saylor, J, concurring). Justice Nigro concurred in the result without authoring an opinion.

address those claims currently, given the undecided nature of his substantive competency claim.

Order denying Appellant's PCRA petition vacated in part. Case remanded with instructions. Jurisdiction relinquished.

Justices Todd, Donohue, Dougherty and Wecht join the opinion.

Justice Mundy files a dissenting opinion.

Former Justice Saylor did not participate in the consideration or decision of this matter.